UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
YVETTE VAN GORDEN,

                    Plaintiff,

                                        **SHORT ORDER**
         -against-                    11-CV-5738 (ADS)(AKT)

SHARINN & LIPSHIE, P.C.,

                    Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**Weisberg & Meyers LLC**
*Attorneys for the Plaintiff*
5025 North Central Ave #602
Phoenix, AZ 85012
       By: Jeanne Lahiff, Esq., Of Counsel

**Sharinn & Lipshie, P.C.**
*Attorneys for the Defendant*
333 Earle Ovington
Suite 302
Uniondale, NY 11553
       By: Amanda J. Moreno, Esq., Of Counsel

**SPATT, District Judge**.

The instant action is based on a debt collection letter sent from the Defendant Sharinn & Lipshie, P.C. (the "Defendant") to the Plaintiff Yvette Van Gorden (the "Plaintiff") on July 11, 2011, which the Plaintiff alleges violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g(a)(4).

In particular, the Plaintiff obtained a Walmart credit card at an unspecified date for personal, family, and/or household purposes. According to the Complaint, at some time thereafter, a debt in the amount of $1,065.87 was owed to Walmart from this personal credit

1

card. In connection with this debt, on July 27, 2011, the Defendant sent the Plaintiff an initial written correspondence. The letter stated, in relevant part, as follows:

> If you notify us in writing within 30 days after receipt of this notice that this debt, or any portion of this debt, is disputed, or that you request verification of this debt, including the name and address of the original creditor, we will obtain verification of the debt, or a copy of any judgment that has been entered against you, along with the name and address of the original creditor and mail the verification to you.

(Def's 56.1 Statement, at ¶ 5.)

The Complaint alleges that in making these statements, the Defendant failed to convey to the Plaintiff that a request for validation of the debt and a request for the name and address of the original creditor were separate and distinct demands. Thus, the Plaintiff argues that this correspondence led her to believe that the Defendant was required to provide her with both verification of the debt and the name and address of the original creditor, were she to make a request for one or the other. Therefore, the Plaintiff contends that a consumer might inadvertently waive her statutory right to receive the name and address of the original creditor if she were to assume that a request to verify the debt would necessarily also include an implicit request for the name and address of the original creditor.

On November 21, 2011, the Plaintiff brought the instant action against the Defendant. She alleges that the Defendant violated a provision of the FDCPA, 15 U.S.C. § 1692g(a)(4), by failing to convey to the Plaintiff that to require the Defendant to send verification of the alleged debt or a copy of the judgment, the Plaintiff must solely dispute the alleged debt, or a portion thereof. In addition, the Plaintiff claims that the Defendant violated another subsection of the FDCPA, 15 U.S.C. § 1692g(a)(5), by failing to convey to the Plaintiff that she was entitled to request in writing the name and address of the original creditor without also having to dispute the

alleged debt, or a portion thereof. The Plaintiff seeks statutory damages pursuant to 15 U.S.C. § 1692k, or, in the alternative, actual damages, in addition to attorneys' fees and costs.

On February 9, 2012, the Defendant filed its answer to the Plaintiff's complaint. After a conference with this Court, the Plaintiff filed a motion for summary judgment on October 15, 2012. No opposition was filed by the Defendant.

On April 20, 2013, the Court granted the motion for summary judgment as unopposed. The Court found that the Plaintiff sufficiently demonstrated as a matter of law that the July 11, 2011 letter from the Defendant violated Section 1692(g) of the FDCPA and lacked clarity. The Court directed the Plaintiff to submit, within thirty days of the April 20, 2013 order, her proposed damages, whether statutory or actual, as well as any requested attorneys' fees and costs.

However, the Plaintiff failed to submit her proposed damages, apparently due to a clerical error by the Plaintiff's counsel. On November 15, 2013, the Court dismissed the complaint without prejudice. There was no activity by the parties on the docket until December 3, 2013, when the Plaintiff moved pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 60(b)(1) for relief from the April 20, 2013 and November 15, 2013 orders based on counsel's mistake. Again, no opposition has been filed by the Defendant.

Fed. R. Civ. P. 60(b) provides in pertinent part:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . .

A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60 (b)(1), (c)(1).  "Relief under Rule 60(b)(1) turns on equitable factors, notably whether any neglect was excusable." L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cnty., Inc., 00-CV-7394 (ADS), 2013 WL 3863892, at *5 (E.D.N.Y. July 25, 2013)(Spatt, J.), citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993).

The Court finds that the Plaintiff's argument must fail as relief under Fed. R. Civ. P. 60(b)(1) is not available based upon an attorney's mistake. Eastwood Auto Body & Garage, Inc. v. City of Waterbury, No. 97 Civ. 9278, 1998 WL 487017, * 1, 1998 U.S. App. LEXIS 18875 (2d Cir. June 11, 1998) (noting that this Circuit "has consistently declined to relieve a client under Rule 60(b)(1) due to his attorney's mistake or ignorance of the law or of the rules of the court, or his inability to efficiently manage his caseload").  While this may be a seemingly harsh result, "'the conduct of an attorney is imputed to his client, for allowing a party to evade the consequences of the acts or the acts or omissions of his freely selected agent would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent.'" Alvarado v. Manhattan Worker Career Ctr., No. 01 Civ. 9288, 2003 WL 22462032, at *2, 2003 U.S. Dist. LEXIS 19339, at *8 (S.D.N.Y. Oct. 29, 2003), (quoting Aalmuhammed v. Keston, No. 98 Civ. 171, 2003 WL 118512, 2003 U.S. Dist. LEXIS 415 (S.D.N.Y. Jan. 14, 2003)).

The Court notes that, while the Plaintiff promptly moved within one month for relief from the April 20, 2013 and November 15, 2013 orders, more than seven months elapsed without the Plaintiff submitting her proposed damages, or seeking an extension to do so.  The Court also notes that the prior dismissal of this action was without prejudice.  As such, the Plaintiff is not precluded from re-filing an action against the Defendant.

4

Based on the foregoing, it is hereby ordered that the Plaintiff's motion pursuant to Fed. R. Civ. P. 60(b)(1) is denied.


**SO ORDERED.**
Dated: Central Islip, New York
January 18, 2014

                                                                *Arthur D. Spatt*
                                                             ARTHUR D. SPATT
                                                         United States District Judge